**\*E-FILED 7/12/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VALERA W. LYLES, et al., | NO. C 05-04042 JW (RS) |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION FOR SANCTIONS** |
| v. | |
| COUNTY OF MONTEREY, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiffs move to compel the deposition of, and production of documents by, defendant Michael Rhoades and for sanctions.  Based on the parties' briefing, the arguments of counsel, and the record herein, the motion to compel will be granted and the motion for sanctions will be denied.

## II.  BACKGROUND

Plaintiffs in this action are Valera W. Lyles and William Lyles (collectively, "the Lyles"), each of whom have an interest in the residential property located at 158A Spindrift Road in Carmel Highlands, California.  Defendants are the County of Monterey and individual employees from its Planning, Building and Inspection Department (collectively, "the County").  The Lyles bring this action under  42 U.S.C. § 1983 against the County, alleging violations of the First and Fourteenth Amendments.  The Lyles aver that for three and a half years, the County denied Valera Lyles an emergency permit and other permits necessary for construction of a retaining wall to prevent the continued accelerated erosion and sloughing of her coastal property.

The County's original denial of the Lyles' emergency permit request was transmitted in a

1  July 25, 2003 letter signed by defendant Rhoades. Rhoades also sent an internal email on August
2  15, 2003 wherein he explained certain issues surrounding the Lyles permit, and expressed his desire
3  to act as the chief contact for the Lyles case. The Lyles contend that Rhoades is a "key defendant"
4  in this action, and have undertaken steps to depose him. The Lyles allege that on April 21, 2006,
5  and again on April 28, 2006, their counsel wrote to defendants' counsel in a meet and confer effort
6  and to select mutually convenient dates for the scheduling of depositions. The Lyles further allege
7  that no response to those letters was ever received. As a result, the Lyles served the County with
8  notice of Rhoades' deposition and a request for production of documents, setting the deposition for
9  July 6, 2006 at 1:00 p.m.

10  When that day arrived, defendants notified plaintiffs that Rhoades was not available and
11  could not be deposed at 1:00 p.m., as scheduled, and instead requested the deposition be rescheduled
12  for another date. Defendants' counsel also requested that plaintiffs provide alternative dates for
13  Rhoades' deposition, which he volunteered to communicate to Rhoades. On July 21, 2006
14  plaintiffs' counsel sent an email to defendants' counsel requesting that the Rhoades deposition be
15  rescheduled to take place prior to an Early Neutral Evaluation session that was scheduled for August
16  11, 2006, and before the discovery cutoff date of August 18, 2006. The Lyles allege that they
17  received an email from defense counsel on July 31, 2006 wherein defendants took responsibility for
18  the "Rhoades deposition scheduling glitch" and further indicated that Rhoades' employment
19  situation would limit his availability to be deposed to Fridays, within the San Jose area. Plaintiffs
20  responded by stating that they would be willing to accommodate Rhoades' limited availability, but
21  that counsel's own schedule prevented him from deposing Rhoades on a date prior to the discovery
22  cutoff deadline. Accordingly, plaintiffs indicated that defendants would need to waive the discovery
23  cutoff deadline to allow for the deposition of Rhoades. The County agreed to waive the deadline.

24  Thereafter, the parties continued to correspond in an attempt to select a mutually convenient
25  date and time for the deposition of Rhoades. The Lyles contend they served an amended notice
26  scheduling Rhoades' deposition for Friday, October 27, 2006, but that the deposition was ultimately
27  cancelled on October 25, 2006 (the record is not entirely clear why the deposition was cancelled, as
28  the County contends that Rhoades was in fact available the morning of the 27th, but the Lyles claim

2

that Rhoades found the date and location to be inconvenient).

On February 9, 2007 the Lyles served an amended notice scheduling Rhoades' deposition for Friday, March 9, 2007 in San Jose, and requesting the production of certain documents, including those referred to as "the documents in the 11 banker boxes." The documents contained in those boxes had already been produced by the County for inspection on August 9, 2006 and October 13, 2006, in response to plaintiffs' Demand for Production. Nevertheless, in emails dated October 25, 2006, the parties agreed that the documents in question would be produced at Rhoades' deposition.

On March 8, 2007, with Rhoades' deposition scheduled for the following day, the County informed the Lyles that "because of the nature of Mr. Rhoades' rights as a governmental employee, he will not be made available to be deposed until such time, if any, as the Ninth Circuit Court of Appeals rules that he is not entitled to immunity." Rhoades' deposition did not take place.

### III. DISCUSSION

#### A. Motion to Compel

The Lyles request that this Court order defendant Rhoades to appear at his deposition, and to produce certain documents, by setting a date and time that allows sufficient time for a transcript to be made available before trial, which is presently scheduled for August 7, 2007.

FRCP 37(d) provides that if a party fails "to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just." *Fed. R. Civ. P. 37(d)*.

##### 1. Deposition of Rhoades

###### a. Jurisdiction

The County argues that the motion to compel must be denied because this Court no longer has jurisdiction over the individual defendants, in light of their appeal of the Court's order denying summary adjudication based on their claim of qualified immunity. Defendants' motion, however, only sought qualified immunity on plaintiffs' first and third claims for relief, asserting violations of

1  due process and equal protection, respectively.[1]  Since plaintiffs' second claim for relief regarding
2  violations of their First Amendment rights was not at issue in defendants' motion for summary
3  adjudication, that matter was not appealed to the Ninth Circuit, and thus remains within the
4  jurisdiction of this Court.

5  Accordingly, in that the case remains ongoing at the district court level on that second claim
6  for relief, there is no obstacle to taking Rhoades' deposition at this juncture.  Moreover, because
7  plaintiffs' second claim for relief arises from the same facts as the matters appealed to the Ninth
8  Circuit, it is neither necessary nor feasible to carve out subject matter limitations on the deposition.
9  Allowing plaintiffs to proceed now would not create a situation where a second deposition of
10 Rhoades would inevitably need to follow in the event the appeal is resolved against Rhoades on the
11 immunity issue.  Of course, even should he prevail on appeal, Rhoades is a witness with knowledge
12 relevant to claims remaining against the County.  As a result, taking his deposition would still be
13 appropriate, notwithstanding the pendency of the appeal.[2]

14      b. Rule 29

15 The County alternatively argues that the motion to compel be denied on grounds that
16 plaintiffs' improperly sought Rhoades' deposition after the expiration of the court-imposed
17 discovery cutoff date, without obtaining approval from the court, in violation of FRCP 29.  The
18 County's characterization of Rule 29 as providing that "stipulations to extend the time for discovery
19 may only be made with the approval of the court," however, is incorrect.  In fact, Rule 29 expressly
20 states that "[u]nless otherwise directed by the court, the parties may by written stipulation provide
21 that depositions may be taken . . . at any time or place, upon any notice, and in any manner."  *Fed. R.*
22 *Civ. P. 29.*

23 The record shows that the Lyles and the County filed their Joint Supplemental Case
24 Management and Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order
25 ("Joint Statement") on January 12, 2007, wherein the parties stipulated to four matters, including the

---

[1] Order entered on January 10, 2007 [Docket No 110 at pg. 7, n.3] ("Defendants have not moved for summary judgment on Plaintiffs' Second Count").

[2] In that event, however, a subpoena arguably might be necessary.

4

1 Lyles' ability to depose Rhoades up to 30 days before trial.  On January 23, 2007, the Court issued
2 its Preliminary Pretrial Conference Scheduling Order, setting out the case schedule and other
3 guidelines to govern the case.  The County suggests that the Court's failure to address any of the
4 parties' stipulations within that order constitutes a rejection of the written stipulation concerning
5 Rhoades' deposition.

6 In response, the Lyles assert that during the Preliminary Pretrial Conference the Court stated
7 that the parties' proposals were acceptable and therefore the order issued by the Court does not
8 reflect a rejection of those stipulations.  The Lyles' position is confirmed by the County's
9 subsequent conduct, in that it complied with each of the other three stipulations set out in the parties'
10 Joint Statement.  The record reflects that the parties at all times treated the stipulations of the Joint
11 Statement as valid, and that it was always understood and agreed that the deposition of Rhoades
12 could and would go forward notwithstanding the discovery cutoff.  The County's attempt to invoke
13 Rule 29 as a bar to the deposition now is not viable.  Accordingly, immediately upon receipt of this
14 order, the parties shall meet and confer to arrange for the deposition to be taken at the earliest
15 practicable opportunity.

### 2. Production of "11 Banker Boxes"

17 In addition to the opportunity to depose defendant Rhoades, the Lyles seek the production of
18 the "11 banker boxes."  The County argues that the Lyles' demand is unduly burdensome on
19 Rhoades, who is no longer an employee of the County, and therefore maintains no control over the
20 documents.  The County further contends that it has already produced the documents for inspection
21 on two separate occasions, and that this demand would constitute the Lyles' third opportunity to
22 review the documents.  In response, the Lyles argue that even after the County produced the 11
23 banker boxes for the second time, the County nevertheless agreed to produce the same documents at
24 Rhoades' deposition, and should therefore stand by its agreement.  Additionally, the County failed to
25 object to the Lyles' February 9, 2007 amended notice of Rhoades' deposition, wherein the Lyles
26 expressly requested the 11 banker boxes be produced.

27 Agreements made between the parties in the spirit of cooperation are to be encouraged.  As a
28 result, the parties' October 25, 2006 emails memorializing their agreement to have the 11 banker

5

boxes produced at Rhoades' deposition will be enforced, and the County shall produce the requested documents at Rhoades' scheduled deposition.

B. <u>Motion for Sanctions</u>

Although the Court has rejected defendants' arguments, under all the circumstances, the contention that Rhoades should not be subject to deposition at this time was not so unreasonable as to warrant the imposition of sanctions.

## IV.  CONCLUSION

For the reasons set forth above, the motion to compel is granted and the motion for sanctions is denied.

IT IS SO ORDERED.

Dated: July 12, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

6

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Gerald V Barron    barron@barronbuck.com, buck@barronbuck.com, ehs@sbcglobal.net

3  Irven Grant    granti@co.monterey.ca.us, mcfarlandc@co.monterey.ca.us

4  Patrick I. McGreal    mcgrealp@co.monterey.ca.us, edwards-jamesg@co.monterey.ca.us

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/12/07**                                                       **Chambers of Judge Richard Seeborg**

                                                                          **By:    /s/ BAK**